## LUTHER HENRY v. THE VERMONT CENTRAL RAILROAD COMPANY.

*Liability of Railroad Companies, making erections in streams, to riparian proprietors for alterations in the course of the current, or the height of the water, caused thereby.*

A riparian proprietor, whose land has been gradually washed away by a change in the course of the current of the stream occasioned by necessary erections, made above him in the stream by a railway company, has no claim for damages against the company, whether such erections have been made in a careless and unskillful manner or not.

*Aliter* with one who has been injured by the setting back of water occasioned by such erections below him. REDFIELD, Ch. J.

CASE. The first count of the declaration alleged that the plaintiff was the owner of a farm lying on the bank of Winooski river, the current of which had so run, that it was thrown away from his farm on to the other bank, until the defendants, in constructing their road, in order to build a bridge across the river, erected two piers in the stream, and thereby obstructed the natural and ancient channel, and turned the current directly against the plaintiff's farm, the effect of which was to cut out and wash away a large quantity of land therefrom.

The second and third counts alleged that the piers were built in such a careless and improper manner, and placed at such an improper angle with the current of the stream, that the above described injury was thereby produced.

To this declaration the defendants demurred, among other causes, because it did not show that the plaintiff had suffered any damage for which an action would lie.

The county court, at the March Term, 1856,—Poland, J., presiding,—adjudged the declaration insufficient, to which the plaintiff excepted.

*Peck & Colby,* for the defendants.

1. The declaration presents no cause of action. The defendants were using a chartered right, and are not liable for any consequential damages, if they "restore the stream to its former state of usefulness, as nearly as practicable, to the approval of the selectmen or commissioners;" and the declaration contains no allegation to the contrary.

2. The damage alleged gives no right of action. The plaintiff has no right of exemption from the current on his side of the stream. Suppose the plaintiff owned both sides, could he recover damages if the current shifted sides? If the plaintiff can recover for a change of angles in the current, the cause of action extends to each proprietor from the bridge to the mouth of the river.

3. That the whole stream should be left to flow between its ancient banks, is all the plaintiff can demand ; *ut currere solebat.*

The opinion of the court was delivered by

Redfield, Ch. J.   This is a demurrer to the plaintiff's declaration.

The case has not been argued on the part of the plaintiff, which leaves the court at great disadvantage, as it seems to be one of first impression.

The plaintiff's claim is that the course of the current of the river has been so changed, by the erection of one of the defendants' bridges, that it wears into the bank on his side, and thus, by attrition, wears off his soil, and gradually changes the course of the stream, some distance below the bridge, to his detriment.   In

the first count this is charged, in general terms, as the result of the erection of defendants' works. There is no allegation that the erections are unnecessary for the defendants' use or convenience. And as it is necessary to treat the defendants as a person, and by consequence, as a corporation of the kind described, in order to maintain the action; we may fairly presume they do not make expensive erections except from necessity or convenience.

The law is well settled that a railway company is not liable for making erections in running streams, where they are guilty of no want of proper care and skill, unless they directly affect the riparian owners. If the water is caused to flow back so as to directly injure the soil, this has been regarded as one of the consequences which the company is bound to guard against, or to compensate. This is not one of the effects of the ordinary use of the water, and it is a direct injury.

So too, when the company's works are imperfectly or improperly made, in respect of matters against which they are bound to guard, for the security of riparian owners, they are ordinarily liable for consequent injury.

But the present is a case where the injury is, in two of the counts, alleged to be the result of the careless and unskillful manner of making the erections, and if the damage complained of is of that class against which the company are bound to exercise either caution or skill, and have omitted their duty, in that respect, they are liable.

But we think the damage complained of is not of that character, that the defendants are bound to take it into account in making erections for the support of their bridge.

I. It is not a cause of injury, whose operation can be calculated or limited in its extent and operation, or defined in any mode, and by consequence, not one, which in the nature of things, can be guarded against.

II. It is not a cause of damage which inevitably produces its effects, but only one which, in its operation, may require greater precautions against injury, to be be used by proprietors below. Hence, the law rather chooses to leave each proprietor to guard his own shore, than to require riparian owners above to forego any use of the water which they may deem beneficial to themselves.

Thus mill owners, or those who may use water from a running stream, for purposes of irrigation, have never been required to restore the water to the stream, at any particular points, or so as to leave the force and direction of the stream precisely the same as before. And if any such duty had existed, traces of it would undoubtedly be found in the books, and might have been brought to our notice.

III. The act complained of is merely consequentially injurious, producing no direct injury, like the flowing of land, even by means of an obstruction in a running stream. And the damage to riparian owners below, by means of the change in the current, is so remote and uncertain a consequence, that the law has not, and we think can not, hold the owner above liable for such consequences. It is one of those remote consequences of which the law takes no such account, as to make it the basis of an action.

If we have failed to apprehend the true ground, or the best ground of the plaintiff's claim, it will not be matter of surprise, when it is considered that the action is one of new impression, and that no brief or argument has been submitted on the part of the plaintiff, and that our time will not allow us to make any extensive research during term, so that the decision is merely that of first impression, from our general reading upon the subject. Judgment affirmed.